IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01087-ZLW

JOSHUA R. KENYON,

    Plaintiff,

v.

EL PASO CO. SHERIFF'S DEPT.,
DEPUTY GLEN BOARMAN, and
SHERIFF TERRY MAKITA,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 3 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter before the Court is the letter that Applicant Joshua R. Kenyon, a *pro se* prisoner litigant, filed on July 29, 2010. Mr. Kenyon seeks reconsideration of the Order entered on July 15, 2010 dismissing the instant action. The Court must construe the letter liberally because Mr. Kenyon is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the letter as a Motion to Reconsider and will deny the Motion.

The Court dismissed the action without prejudice because Mr. Kenyon failed to submit to the Court, within the time allowed, an initial partial filing fee as he was directed to do by Magistrate Judge Boyd N. Boland on May 10, 2010.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The letter was filed on July 29, 2010, well within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Court, therefore, will construe Mr. Kenyon's Letter as a Motion to Reconsider filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). In the Motion to Reconsider, Mr. Kenyon argues that he sent a $16.00 money order to the Court on June 22, 2010, for payment of the initial partial filing fee, but the money order was returned to him by the Court on June 29, 2010.

The Court has verified with the Clerk of the Court that there is no record of a payment being received from Mr. Kenyon. The Financial Division of the Clerk's Office

has reviewed all mail logs from June 22 through June 29, 2010 and finds no receipt of a money order for $16.00 from Mr. Kenyon. Furthermore, if a money order is returned to a litigant, a letter accompanies the returned money order and a copy of the letter is kept by the Financial Division. No copy of a letter addressed to Mr. Kenyon regarding the return of the money order was found in the Financial Division's records.

If the money order was returned to Mr. Kenyon on June 29, Mr. Kenyon had two weeks to inform the Court that a possible error had been committed by the Court, but he failed to do so. Finally, Mr. Kenyon did not attempt to resend the money order to the Court along with his Motion to Reconsider.

Upon consideration of the Motion to Reconsider and the entire file, the Court concludes that Mr. Kenyon fails to demonstrate some reason why the Court should alter or amend the July 15 Order of Dismissal in this action. The Motion to Reconsider, therefore, will be denied. Mr. Kenyon is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new civil action if he chooses. Accordingly, it is

ORDERED that Mr. Kenyon's letter (Doc. No. 24) is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this  3rd  day of  August , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01087-ZLW

Joshua R. Kenyon
Prisoner No 150069
ACC
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/3/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk